UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAUNCEY THOMAS-SWIFT,

    Plaintiff,                     No. 16-12702

v.                                    District Judge Avern Cohn
                                        Magistrate Judge R. Steven Whalen

STEVEN BURKE, ET AL.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

On July 19, 2016, Plaintiff Chauncey Thomas-Swift filed a *pro se* civil complaint claiming wrongful termination, and naming as Defendants Airman Industries, Steven Burke, Jeremy O'Neil, and Charlie Perry.[1]  None of the Defendants has been served.  For the reasons discussed below, I recommend that the complaint be dismissed without prejudice, pursuant to Fed.R.Civ.P. 4(m).

**FACTS**

The complaint in this case was filed on July 19, 2016.  On August 1, 2016, the Court granted Plaintiff's application to proceed without prepaying fees [Doc. #7] and granted his request for Marshal's service [Doc. #8].  However, the service documents were returned to the Court unexecuted [Doc. #12].  The Court then ordered Plaintiff to provide correct addresses for the Defendants [Doc. #13].

On February 8, 2019, not having been provided with correct addresses for service,

---

[1] At the time he filed his complaint, Plaintiff was a prison inmate in the custody of the Michigan Department of Corrections.  However, he is not challenging his conditions of confinement, and this is not a prisoner civil rights case brought under 42 U.S.C. § 1983.  Plaintiff has since been released from prison.

the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute [Doc. #15]. In a motion filed on March 7, 2018, Plaintiff said that he was about to be released from prison, and would at that time be able to obtain addresses for service. He requested an extension of time for service [Doc. #16]. He also filed a motion for alternative service [Doc. #17], a motion for the Marshal to locate the Defendants [Doc. #18], and a motion for "skiptracing" [Doc. #19]. On March 28, 2018, Plaintiff filed a response to the show cause order [Doc. #22].

On May 31, 2018, the Court granted Plaintiff's motion to extend the time for service to July 16, 2018, and ordered Plaintiff to provide correct addresses for the Defendants to the United States Marshal within 21 days [Doc. #23]. The Plaintiff's other service-related motions were denied.

To date, Plaintiff has neither provided correct addresses for service nor completed service on the Defendants, although the extended date to do so has long passed.

## DISCUSSION

Fed.R.Civ.P. 4(m) provides that if a defendant is not timely served, "the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

The Court has given the Plaintiff notice that his case is subject to dismissal, and has already granted a generous extension of time and opportunities to locate the Defendants and have them served. And as I explained in my previous order [Doc. #23], "it is Plaintiff's responsibility to provide an address at which a defendant may be served. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993); *Herbert v. Roark*, 2006 WL 1284695 (E.D. Mich. 2006)." Plaintiff has not done so, and the case continues to linger without any of the Defendants having been served. It is therefore appropriate that the

complaint be dismissed without prejudice under Rule 4(m).

## CONCLUSION

I recommend that the Court dismiss Plaintiff's complaint without prejudice under Fed.R.Civ.P. 4(m), for failure to effect timely service.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                      s/R. Steven Whalen
                                      R. STEVEN WHALEN
                                      UNITED STATES MAGISTRATE JUDGE

Dated: December 12, 2018

## CERTIFICATE OF SERVICE

I hereby certify on December 12, 2018, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on December 12, 2018.

s/Carolyn Ciesla
Case Manager to
Magistrate Judge R. Steven Whalen
